# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **FRANITA JANUARY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-0427-CV-W-RED |
| ) | |
| **ALLIANT LAKE CITY SMALL CALIBER** ) | |
| **AMMUNITION COMPANY, LLC,** ) | |
| a Delaware Limited Liability Company, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Now before the Court is Plaintiff's Request to Accept Previous Attempts of Process of Service (Doc. 16). In the Motion, Plaintiff advises that her process server attempted to serve the summons and complaint in this case on March 28, 2005, at the Defendant's place of business, and the service was not accepted by any individual there. Plaintiff requests that the Court accept her previous attempts of service. Defendant opposes the Motion.

Plaintiff filed her Complaint, *pro se*, alleging employment discrimination against Defendant, her former employer, on May 7, 2004. On October 18, 2004, this Court entered an Order to Show Cause why the case should not be dismissed for failure to effect service of process on Defendant. Plaintiff filed a response to the Order, claiming that she had served Defendant via mail. However, based on Plaintiff's assertion, it appeared that Plaintiff had not properly served Defendant by mail as required by federal or state law. Thus the Court extended the time to serve Defendant until December 1, 2004, approximately 90 days after service was

originally due. *See* Fed. R. Civ. P. 4(m).[1]  Plaintiff then attempted personal service by delivering a copy of the Complaint and summons to Janet Thompson.  Defendant filed a Motion to Dismiss or Quash service (Doc. 11), arguing that Ms. Thompson could not accept service under Missouri or federal law.  On March 15, 2005, the Court granted Defendant's Motion (Doc. 15), finding that Ms. Thompson was not a proper person to receive service.  However, rather than dismissing the case, the Court granted Plaintiff an additional twenty days in which to effect service, because the erroneous service upon Ms. Thompson appeared to be due to the process server's error, and not Plaintiff's.  On the last day of that twenty day period, Plaintiff filed the Motion now before the Court.

Plaintiff does not now allege that any of her attempts at service were proper pursuant to federal or state law; she merely requests that the Court accept previous attempts at service, which have already been held to have been not proper.  She makes this request because, at her last attempt at service, attempted on the last day of the twenty-day period, her process server was told that no one at the particular location could accept service of process.

Service of process is not a mere legal formality that can be overlooked and waived by the Court.  If a defendant is not properly served, the Court does not have jurisdiction over that defendant and thus cannot enter a judgment against that defendant, even if that defendant has actual notice of the lawsuit.  *Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citing *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982)).  When service has not been effected in a timely manner, the Court, upon motion or on its own motion, may dismiss the case.

---

[1] The Court also Ordered that a copy of Federal Rule of Civil Procedure 4, which describes the requirements to properly serve a defendant under federal law, be mailed to Plaintiff along with its Order.

Fed. R. Civ. P. 4(m). Dismissal of a pro se complaint is proper, especially when a court has provided extensions to serve and instructions on why previous service attempts were improper. *See, e.g., Frame v. Superior Fireplace*, No. 03-5233, 74 Fed. Appx. 601, 603, 2003 WL 22114026 at *2 (6th Cir. Sept. 10, 2003) (unpublished opinion).

In this case, the Court extended time for service numerous times for a total extension of over six months. It provided Plaintiff with a copy of the Federal Rule of Civil Procedure dealing with service of process. It explained its reasoning for quashing Plaintiff's attempts at service. It advised Plaintiff that Plaintiff should secure counsel to aid her in prosecuting her claim and effecting proper and timely service. It warned Plaintiff that failure to effect proper service could result in the Complaint being dismissed. It appears that Plaintiff has not attempted to serve Defendant as required by the rules, but instead requests that the Court overlook the service requirement, which would divest this Court of jurisdiction over Defendant. Thus, any further extensions would be futile and unfairly prejudicial to Defendant, who still has not received proper service. The only remaining remedy is to dismiss Plaintiff's Complaint without prejudice. Plaintiff may re-file her action if she chooses and have another 120 day period to effect proper service under state or federal law. If Plaintiff does choose to re-file her action, the Court repeats its strong recommendation that she procure counsel to aid in the prosecution of her claim.

Accordingly, it is hereby

ORDERED that Plaintiff's Request to Accept Previous Attempts of Process of Service (Doc. 16) is **DENIED.** Because Plaintiff has failed to effect service within the prescribed time limit or in any of the several extensions provided by the Court, pursuant to Federal Rule of Civil

Procedure 4(m), it is further

    ORDERED that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

DATE:    May 6, 2005        */s/ Richard E. Dorr*
                                              RICHARD E. DORR, JUDGE
                                              UNITED STATES DISTRICT COURT